UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 9 1999

CLERK

RAY F. WYLIE, JR.,

    Plaintiff,

v.

CIVIL NO. 99-711 LH/DJS

MAYOR OF THE CITY OF ALBUQUERQUE,
COUNCIL OF CITY OF ALBUQUERQUE,

    Defendants.

and

YLY ENTERPRISES,

    Plaintiff,

v.

CIVIL NO. 99-719 DJS

GARY JOHNSON, Governor of the State of
New Mexico,

    Defendant.

and

YLY ENTERPRISES (I.E. & G.C.),

    Plaintiff,

v.

CIVIL NO. 99-733 DJS

CITY OF ALBUQUERQUE, CITY OF
ALBUQUERQUE TRANSPORTATION DEPT.,

    Defendants.

and

**Y/Y COYOTE CORP.,**

Plaintiff,

v.                                                          CIVIL NO. 99-740 DJS

**BANK OF OKLAHOMA, *et al.*,**

Defendants.


## MEMORANDUM OPINION AND ORDER

THESE ACTIONS are *pro se, in forma pauperis* actions brought upon complaint forms intended for suits pursuant to 42 U.S.C. §1983. This matter is before the Court *sua sponte* to review Plaintiff's complaints pursuant to 28 U.S.C. §1915(e)(2). Although these actions are brought under the names of a number of different plaintiffs, each has been filed by Mr. Ray F. Wylie and, where any address is provided for the plaintiff, the same post office box is given. Further, each complaint bears substantial similarities and state claims on behalf of an individual natural person. It is clear to the Court that each of these actions has been brought by the same individual.[1] The cases are addressed in one order for the sake of judicial economy.

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under 28 U.S.C. §1915(e)(2)(B) if the Court determines that the action is frivolous or malicious or that the action fails to state a claim upon which relief may be granted. The Court may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief can be granted under Fed.R.Civ.P.

---

[1] Review of Court records indicates that Plaintiff Ray Wylie has filed nine other actions under various permutations of the name "YLY Enterprises" or his own name.

2

12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). In reviewing a *pro se* Plaintiff's complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel, but is at the same time mindful that the plaintiff's complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In each of the above captioned actions, Plaintiff makes conclusory and incoherent allegations of actions by police officers, bus drivers, and others. Plaintiff fails to allege any actions which rise to the level of a constitutional claim. Further, to the extent which the complaints are legible, Plaintiff fails to state any cognizable claim at all. The Court will consider each complaint in turn.

### Civ. No. 99-711 Wylie v. Mayor of Albuquerque

In this action, Plaintiff alleges no actions by the named Defendants. For the first count of the complaint, Plaintiff states "to be processed when I get cash". Reviewing the complaint as a whole, no action by any government official is alleged. To establish a cause of action under §1983, a plaintiff must allege (1) the deprivation of a federal right by (2) a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). Plaintiff meets neither requirement in the original complaint. Plaintiff submitted a document entitled "Amended Complaint" in which he apparently asserts that the driver of an Albuquerque City bus failed to make a stop and then raced his engine while engaging the brake when proceeding to another stop. Plaintiff alleges no action by the bus driver which implicates any constitutional rights and the complaint is frivolous.

### Civ. No. 99-719 YLY v. Governor

In this action, Plaintiff states that the nature of his case is "The declining numbers in the of

(sic) occupied villages in the state of New Mexico. Now we need to get a trust to buy the old railroad yard to redevelop for the future of the coming generations." No further allegations are made by Plaintiff, although he does refer to the Governor as being the "guardian in trust of the Indian land". In addition, Plaintiff states that New Mexico has allowed villages of "the Indian People" to decline in an attempt to allege action under color of state law. Plaintiff's complaint fails because he does not allege any action by the named Defendants against him or any violations of a constitutional right. Plaintiff does not allege any facts showing that he has standing to assert the rights of any Native American groups. This action is also frivolous and must be dismissed.

### Civ. No. 99-733 YLY Enterprise Corp. v. City of Albuquerque

In this action, Plaintiff attempts to state a claim against the Albuquerque Police Department. In the more coherent portions of the complaint, he states that he called a police officer to retrieve his cigarettes from a bar because he was "highly irritated" and the officer took too long to respond. Petitioner also states that he requested that the police move people from in front of a Baptist church where heavy drinking and drug use is going on. Petitioner asserts that he was "treated like the scum of the earth" but offers no further particulars regarding the action or inaction of the officers. In another portion of the complaint, Plaintiff asserts that a bus driver ignored him and that he was asked to leave an unspecified business or building, but no complaint against the named defendant can be divined from those assertions by this Court.

Plaintiff's allegation that he was treated as "scum of the earth" is conclusory and fails to rise to the level of a constitutional claim. See Graham v. Connor, 490 U.S. 386, 394 (1989)(§1983 claim arising in the context of an arrest or investigatory stop alleging excessive force invokes the protection of the Fourth Amendment to be secure in their persons against unreasonable seizures).

Plaintiff does not allege that he was detained or questioned by police at all. Consequently he fails to state a claim that the action of the police violated his constitutional rights. See Diaz v. Salazar, 924 F.Supp. 1088, 1097 (D.N.M. 1996) (Fact that police conduct may not have conformed with police regulations or training does not operate to create constitutional liability under §1983); Hewitt v. City of Truth or Consequences, 758 F.2d 1375, 1379 (10th Cir.) (Not all use of force by police rises to level of a constitutional claim) cert. denied 474 U.S. 844 (1985); Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. den. 414 U.S. 1033 (1973) (Federal remedies under §1983 are directed against more egregious conduct than available under common law tort of battery for unwanted touching).

To the extent Plaintiff's complaint can be construed as a claim that was denied police protection, he also fails to state a claim. Plaintiff asserts that the police were slow to respond to his call for an officer to retrieve his cigarettes from a bar. Failure to provide police protection is subject to the equal protection clause of the Constitution under §1983. Watson v. City of Kansas City, Kansas, 857 F.2d 690, 694 (10th Cir. 1988)(citations omitted). There is no general right to police protection. Id. In order to succeed on an equal protection claim of denial of police protection, it is necessary to prove that a discriminatory purpose was a motivating factor in the denial of protection. Id. Plaintiff doe not allege any discriminatory intent by police nor even any denial of protection. Rather he is dissatisfied with the speed of the police response to his requests for service. His complaint fails to state a claim and is frivolous.

**Civ. No. 99-740 YLY Coyote Corp. v. Bank of Oklahoma**

In this action, Plaintiff asserts that the Bank of Albuquerque took away his checking account and charges him a fee for each withdrawal. Plaintiff states that the bank has ruined his reputation.

Plaintiff does not allege any action on the part of any state actors. Further, he does not allege denial of any constitutional right. To the extent that the complaint can be construed to state a claim for breach of contract, conversion, or slander, it also fails in that Plaintiff does not allege any action by the named Defendant. Further, diversity, and thus federal jurisdiction, is lacking in any action between Plaintiff and the Bank of Albuquerque. This complaint must also be dismissed as frivolous.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint in each of the above captioned action is dismissed *sua sponte* for failure to state a claim upon which relief can be granted.

C. LeROY HANSEN
**UNITED STATES DISTRICT JUDGE**